UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

TRAVELERS INSURANCE COMPANY
as subrogee

                        Plaintiff,         **AMENDED COMPLAINT**

      -against-                  07 Civ. 1965 (SCR)

DHL-DANZAS AIR & OCEAN,

                        Defendant.

------------------------------------------------------X

Plaintiff, TRAVELERS INSURANCE COMPANY as subrogee, by its attorneys, McDermott & Radzik, LLP., alleges upon information and belief, as follows:

## PARTIES

1. Plaintiff is a corporation and/or business entity existing under and pursuant to the laws of the State of New York with an office and place of business located at 1200 American Road, Morris Plains, New Jersey 07950

2. Defendant, DHL-DANZAS AIR & OCEAN, is a corporation existing under and by virtue of foreign law with an office located at J.F.K. International Airport, Jamaica, New York 11434 and at 535 Connecticut Avenue, Suite 201, Norwalk, Connecticut and 33 Washington Street, 14th Floor, Newark, New Jersey 07102.

## JURISDICTION

3. Jurisdiction and venue over the parties and subject matter is appropriate under 28 U.S.C. §1332 and 28 U.S.C. §1331..

## THE LOSS

4. On or about March 11, 205, defendant contracted with the shipper, Adechsa GMBH ("shipper"), for the transport of 44 drums/pieces containing Griseofulvin Fine Particle (hereinafter "the cargo") from London for delivery to the consignee, Franklin Distribution Center pursuant to defendant's air waybill number ILS 1BQY279.

5. The cargo was loaded by defendant on or about March 11, 2005.

6. Thereafter, defendant and/or its duly appointed agent(s) failed to deliver the cargo to plaintiff in a timely manner and finally did deliver damaged and contaminate cargo on or about February 27, 2006.

## FIRST CAUSE OF ACTION

7. At all material times, defendant was charged with the exclusive care, custody and control over the aforementioned cargo.

8. Defendant, as bailee of the goods, owed plaintiff as subrogee the duly to safely and securely transport the cargo as agreed and to timely turn over the cargo to plaintiff as subrogee in the same good order and condition as originally received, at the conclusion of transit.

9. Defendant did not timely deliver the goods in the same order and condition as required and breached its duly as bailee.

10. By reason the foregoing, plaintiff as subrogee was damage in the amount of $500,000.00 together with interest and the costs of this action.

## SECOND CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "10) as though more fully set forth herein at length.

12. Upon information and belief, defendant issued to the shipper air waybill number ILS 1BQY279 in connection with its agreement to transport the cargo from London to New York.

13. While in the exclusive care, custody and control of defendant, and/or its duly appointed agent(s), the cargo was contaminated and damaged.

14. Defendant's failure to prevent the cargo from being damaged was a breach of their duties and obligations under the air waybill issued.

15. By reason of the foregoing, plaintiff as subrogee was damaged in the amount of $500,000.00 together with interest and the costs of this action.

## THIRD CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "15" as though more fully set forth herein at length.

17. The loss and damage which occurred while in defendant's care, custody and control is a breach of defendant's obligations under the Warsaw Convention 49 U.S.C. §40105, *et seq.* in that defendant is an air carrier who accepted the cargo in good order and condition but failed to timely deliver same to the consignee in good order and condition at destination.

18. By reason of the foregoing, plaintiff as subrogee was damaged in the amount of $500,000.00 together with interest and the costs of this action.

## FOURTH CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" as though more fully set forth herein at length.

20. The loss which occurred while in defendant's care, custody and control was the result of defendant's negligence.

21. By reason of the foregoing, plaintiff as subrogee was damaged in the amount of $500,000.00 together with interest and the costs of this action.

## FIFTH CAUSE OF ACTION

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" as though more fully set forth herein at length.

23. The loss which occurred while in defendant's care, custody and control, and or the care, custody and control of an agent of defendant and was the result of defendant's and/or its agent's negligence.

24. Upon information and belief, said loss occurred during the inland storage in New York while in the care, custody and control of defendant and/or its duly appointed agent, but outside of the airport.

25. As such, the presumption set forth under the Warsaw Convention 49 U.S.C. §40105, *et seq.* ("Warsaw") that the loss and/or damage occurred during air carriage is not triggered and thus, the Warsaw limitation of liability does not apply.

26. By reason of the foregoing, plaintiff as subrogee was damaged in the amount of $500,000.00 together with interest and the costs of this action.

**WHEREFORE**, plaintiff demands judgment on the First, Second, Third, Fourth and Fifth Causes of Action against defendant for the amount of $500,000.00 with interest and cost of this suit with interest and cost of this suit.

Dated: New York, New York
     March 8, 2007

                          Yours, etc.

                          McDERMOTT & RADZIK, LLP.
                          Attorneys for Plaintiff

By: _____
                          William R. Connor III
                          Wall Street Plaza
                          88 Pine Street
                          New York, New York 10005
                          212-376-6400

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
: S.S.
COUNTY OF NEW YORK )

HENRIETTA SHIELDS, being duly sworn, deposes and says:

1. I am employed by the firm of McDermott & Radzik, LLP. attorneys for the Defendant. I am not a party to this action, am over 18 years of age and reside at Queens, New York.

2. On March 8, 2007, I served the annexed Amended Complaint on:

   DHL-DANZAS AIR & OCEAN
   J.F.K. International Airport
   Jamaica, New York 11434
      -and-
   535 Connecticut Avenue Suite 201
   Norwalk, CT
      -and-
   33 Washington Street 14th Floor
   Newark, NJ 07102

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in a Certified Mail, Return Receipt Requested postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

_____
Henrietta Shields

Sworn to before me this
8th of March, 2007

_____
Notary Public

CHERYL PORTER
Notary Public, State of New York
No. 01PO6060466
Qualified in New York County
Commission Expires Sept. 16, 2010