S:\FILES\5175_DHL-TRAVELERS_(J&J-ORTHO)\5175ANS1.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
Charles E. Schmidt, Esq.
75 Maiden Lane – Suite 402
New York, N.Y. 10038-4816
Telephone:  212-430-0800
Telecopier: 212-430-0810
Attorneys for Defendant

UNITED STATES SOUTHERN DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| TRAVELERS INSURANCE COMPANY as subrogee,<br><br>　　　　　　　Plaintiff,<br><br>　　　　- v. -<br><br>DHL-DANZAS AIR & OCEAN,<br><br>　　　　　　　Defendant. | 07 Civ. 1965 (SCR)<br><br>ANSWER TO<br>AMENDED COMPLAINT |

　　　　Defendant, DHL Logistics (UK) Limited, sued herein as DHL-DANZAS AIR & OCEAN, by its attorneys, Kennedy Lillis Schmidt & English, answering the Amended Complaint of the Plaintiff herein states and alleges upon information and belief as follows.

**PARTIES**

　　　　1.　Defendant denies knowledge or information sufficient to form a belief as to the matters alleged in the paragraph 1 of the Complaint.

1

2. Defendant denies the matters alleged in paragraph 2 of the Complaint as stated but admits that it was and still is a corporation organized and existing under and by virtue of the laws of the law of the United Kingdom with an office and place of business at Century House, 100 Church Street, Staines, Middlesex, U.K. and was and now is engaged in business as a common carrier of merchandise by air for hire.

### JURISDICTION

3. Defendant admits jurisdiction over the subject of this matter pursuant to 28 U.S.C. § 1331 but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint.

### THE LOSS

4. Defendant denies the matters alleged in paragraph 4 of the Complaint as stated but admits that on or about March 11, 2005, Adechsa GmbH shipped 11 pallets containing a total of 44 drums of cargo said to be Griseofulvin Fine Particle (the "Cargo") with Defendant for carriage pursuant to Defendant's air waybill no. 1BQY279 from London to John F. Kennedy International Airport, where the cargo was to be delivered to a consignee identified by Adechsa GmbH as "Franklin Distribution Centre II."

2

5. Defendant denies the matters alleged in paragraph 5 of the Complaint as stated but admits that on or about March 13, 2005, the Cargo was transported by air to New York and arrived at John F. Kennedy International Airport on the same day.

6. Defendant admits that the Cargo was delivered on February 28, 2006, and accepted with complaint by the person entitled to receive the Cargo, but except as so admitted, denies the allegation in paragraph 6 of the Complaint.

**FIRST CAUSE OF ACTION**

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

**SECOND CAUSE OF ACTION**

11. Defendant repeats and realleges each admission and denial of the allegation contained in paragraphs 1-10 of the Complaint as if the same were fully set forth at length herein.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint as stated, but admits that it issued its air waybill no. 1BQY279 evidencing a contract of air carriage of the Cargo from London to John F. Kennedy International Airport.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

**THIRD CAUSE OF ACTION**

16. Defendant repeats and realleges each admission and denial of the allegation contained in paragraphs 1-15 of the Complaint as if the same were fully set forth at length herein.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

### FOURTH CAUSE OF ACTION

19. Defendant repeats and realleges each admission and denial of the allegation contained in paragraphs 1-18 of the Complaint as if the same were fully set forth at length herein.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

### FIFTH CAUSE OF ACTION

22. Defendant repeats and realleges each admission and denial of the allegation contained in paragraphs 1-21 of the Complaint as if the same were fully set forth at length herein.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

27. The First and Second Causes of Action fail to state claims upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

28. The plaintiff's claims arise under and are governed exclusively by the Convention For The Unification Of Certain Rules For International Carriage By Air Done At Montreal On 28 May 1999 (the "Montreal Convention 1999"), pursuant to which the defendant's liability is excluded or limited.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

29. All services performed by the defendant with respect to the cargo were undertaken pursuant to the terms of the Montreal Convention 1999, defendant's air waybill, tariff and/or service guide in effect on the date of the shipment, pursuant to which the defendant's liability is excluded or limited.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

30. To the extent that the plaintiff seeks to assert a claim for alleged delay in the delivery of the Cargo, such

claim is barred for failure of the person entitled to delivery to have made a complaint in writing at the latest within twenty-one days from the date on which the cargo was placed at his or her disposal, as required by Article 31 of the Montreal Convention 1999.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

31.  To the extent that the plaintiff seeks to assert a claim for alleged damage to the Cargo, such claim is barred for failure of the person entitled to delivery to have made a complaint in writing at the latest within fourteen days from the date of his or her disposal or her receipt of the Cargo, as required by Article 31 of the Montreal Convention 1999.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

32.  The alleged damage and/or delay sustained by the Cargo were caused or contributed to by the negligence or other wrongful act or omission of the shipper, by reason of which the defendant shall be wholly or partly exonerated from its liability, if any, to the plaintiff, to the extent that such negligence or wrongful act or omission caused or contributed to the damage, as required by Article 20 of the Montreal Convention 1999.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

33.  The alleged damage sustained by the Cargo was caused or contributed to by defective packing of that Cargo performed by a person other than the defendant or its servants or agents, by reason of which the defendant shall be wholly or partly exonerated from its liability, if any, to the plaintiff, to the extent that such defective packing caused or contributed to the damage, as required by Article 18 of the Montreal Convention 1999.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

34.  The alleged damage and/or delay sustained by the Cargo was caused or contributed to by the consignor's failure to furnish such information and such documents as are necessary to meet the formalities of customs, police and any other public authorities before the cargo could be delivered to the consignee, by reason of which the defendant shall be wholly or partly exonerated from its liability, if any, to the plaintiff, to the extent that such failure caused or contributed to the damage and/or delay, as required by Article 16 of the Montreal Convention 1999.

WHEREFORE, defendant demands judgment dismissing plaintiff's complaint, together with its costs, disbursements

and counsel fees, and such other and further relief as to this Court shall appear just and proper in the premises.

```
Dated:  New York, New York     KENNEDY LILLIS SCHMIDT & ENGLISH
        May 11, 2007           Attorneys for Defendant


                          By:    s/
                              Charles E. Schmidt (CS8669)
                              75 Maiden Lane – Suite 402
                              New York, New York  10038-4816
                              Telephone:  212-430-0800
```

9